**NOT FOR PUBLICATION**

JAN 12 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN LAWRENCE; SANTA LAWRENCE, | No. 10-16458 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-02061-JCM-LRL |
| v. | |
| BANK OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Brian and Santa Lawrence appeal pro se from the district court's orders

dismissing their action arising out of foreclosure proceedings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *King v. California*, 784

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.2d 910, 912 (9th Cir. 1986). We affirm.

The district court properly dismissed the Lawrences' breach of contract claim against Bank of America because they did not allege facts establishing the requisite elements of performance and breach. *See Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) (stating that a breach of contract consists of a "material failure of performance of a duty arising under or imposed by agreement" (citation omitted)), overruled on other grounds by *Olson v. Richard*, 89 P.3d 31 (Nev. 2004).

The district court properly dismissed the Lawrences' remaining claims for the reasons stated in its orders entered on February 9, 2010, and February 10, 2010.

Contrary to the Lawrences' contentions, the district court did not err by considering their claims under the federal pleading standard. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) ("The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.").

The Lawrences' remaining contentions, including those concerning securitization and standing, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**